**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| TIG Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08 C 522 |
| v. | ) | |
| | ) | Judge Gottschall |
| Global Reinsurance Corporation of | ) | Magistrate Judge Cox |
| America, | ) | |
| | ) | |
| Defendant. | ) | |

**GLOBAL'S BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404(a)**

Defendant, GLOBAL Reinsurance Corporation of America, f/k/a Gerling Global

Reinsurance Corporation of America ("GLOBAL"), by and through its attorneys, Bates & Carey

LLP, hereby moves that, for the convenience of the parties and the witnesses, the Court transfer

this action to the United States District Court for the Southern District of New York pursuant to

28 U.S.C. § 1404(a).  In support of its motion to transfer, GLOBAL submits to the Court the

following brief:

**I.     INTRODUCTION**

On December 28, 2007, TIG Insurance Company ("TIG") filed a lawsuit against

GLOBAL in the Circuit Court of Cook County.[1]  The complaint consists of two counts.  In count

I, TIG seeks a declaration that GLOBAL has an obligation under its reinsurance agreements with

TIG to indemnify TIG for declaratory judgment expenses incurred by TIG.  In count II, TIG

---

[1] On January 23, 2008, GLOBAL timely filed its Notice of Removal pursuant to 28 U.S.C. §§ 1441 and
1446.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the
amount in controversy exceeds $75,000.  A true and accurate copy of the Notice of Removal (w/o exhibits) is
attached to this petition as Ex. B.

seeks damages from GLOBAL for breach of contract in the amount of $1,340,564.  A true and

accurate copy of the complaint is incorporated herein by reference and attached hereto as Ex. A.

From 1974 through 1985, TIG purchased certain reinsurance contracts from GLOBAL.

(Compl. at ¶ 9) A reinsurance contract is a contract whereby one company (often referred to as

the "direct insurer," the "cedent," or the "reinsured") transfers to another company ("the

reinsurer") certain risks associated with a direct policy of insurance that the cedent issued to a

third-party policyholder.  In this case, TIG is the cedent and GLOBAL is the reinsurer.

TIG alleges that its policyholders have asserted claims for coverage under insurance

polices issued by TIG and reinsured by GLOBAL.  (Compl. at ¶ 14)  On certain occasions, TIG

determined that its policyholders' claims were outside the scope or limits of coverage afforded

by TIG's policies.  (Compl. at ¶ 15)  In these situations, TIG's policyholders initiated declaratory

judgment actions against TIG.  In other situations, TIG initiated declaratory judgment actions

against its policyholders.  TIG's actions in defending and prosecuting declaratory judgment

actions have caused it to incur expenses.  (Compl. at ¶ 18)  The total expenses allegedly incurred

by TIG ($1,340,564) are itemized in the complaint.  (Compl. at ¶ 19)

This case is a contract dispute between the parties.  TIG alleges that all of the reinsurance

contracts issued by GLOBAL from 1974 through 1985 cover declaratory judgment expenses

incurred by TIG in connection with its policyholders' claims for coverage.  GLOBAL, on the

other hand, disputes this contention and maintains that declaratory judgment expenses are not

subject to reinsurance recovery under the contracts.

II.    **SUMMARY OF ARGUMENT**

This action should be transferred to the United States District Court for the Southern

District of New York for several reasons.  First, venue is proper in the New York forum because

the defendant, GLOBAL, resides in New York.  Therefore, TIG could have filed this action in

New York.  Second, New York is a more convenient forum for the witnesses because none of the

witnesses resides in Illinois, whereas several likely witnesses are located within the subpoena

power of the Southern District of New York.  Third, all of GLOBAL's documents relevant to

this lawsuit are located in New York.  Fourth, none of the parties reside in Illinois.  As such,

TIG's choice of the Illinois forum should be accorded little to no weight.  In reality, the *only*

convenience that this forum offers to the parties is that TIG's attorneys practice in Chicago.

However, this factor should be given little to no weight in a § 1404(a) analysis.

## III.    STANDARDS APPLICABLE TO MOTIONS TO TRANSFER VENUE

A petition to transfer venue from one district court to another district court is governed by

28 U.S.C. § 1404, which provides in relevant part as follows:

> (a)  For the convenience of parties and witnesses, in the interest of justice,
> a district court may transfer any civil action to any other district or
> division where it might have been brought.

28 U.S.C. § 1404(a).

In order to meet the requirements of § 1404(a), a defendant must show (1) that venue is

proper in the transferor district; (2) that the transferee district is one where the action might have

been brought; (3) that the transfer will serve the convenience of the parties and witnesses; and (4)

that the transfer will promote the interests of justice.  *Central States, Southeast and Southwest*

*Areas Pension Fund v. Brown*, 587 F.Supp. 1067, 1069 (N.D.Ill.1984); *Hess v. Gray*, 85 F.R.D.

15, 24 (N.D. Ill. 1979).  Less of a showing of inconvenience is needed for a § 1404(a) transfer

than that for a *forum non conveniens* dismissal.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253

(1981).  The weighing of factors for and against transfer necessarily involves a large degree of

subtlety and latitude, and therefore the decision to transfer is committed to the sound discretion

of the Court.  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986).  In the instant

3

case, the balance of factors weighs in favor of transferring this case to the Southern District of New York.

## IV.    ARGUMENT

### A.    The First Two Requirements Of A Transfer Under 28 U.S.C. § 1404(a) Are Established In This Case

In order to meet the first two requirements of § 1404(a), a defendant must show (1) that venue is proper in the transferor district; and (2) that the transferee district is one where the action might have been brought. *Central States, supra*, 587 F.Supp. at 1069. These two requirements are established in this case.

The venue for removed actions is the district and division in which the state court action was pending. 28 U.S.C. § 1441(a); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). In this case, the state court action was brought by TIG in the Circuit Court of the State of Illinois in Cook County, which is embraced within the Northern District of Illinois (the *transferor* district). Accordingly, venue is proper in this district.

Furthermore, TIG could have brought this action against GLOBAL in the Southern District of New York (the *transferee* district) because GLOBAL is incorporated in New York, GLOBAL does business in New York, and GLOBAL maintains its principal place of business in New York. *Affidavit of Peter Morone,* Ex. C. Accordingly, TIG could have filed this lawsuit against GLOBAL in the Southern District of New York. 28 U.S.C. § 1391(a),(c). Therefore, the first two requirements of a transfer under § 1404 are established.

### B.    The Requirement That The Transfer Be For The "Convenience Of The Parties And Witnesses" Is Met In This Case

The requirement that the transfer be for the "convenience of parties and witnesses" will be met by a transfer to the Southern District of New York. When considering a § 1404(a)

4

convenience transfer motion, the Court must determine that transfer of the action will accomplish the following objectives:

- Enhance the convenience of the *parties*; and

- Enhance the convenience of the *witnesses*.

*General Accident Ins. Co. v. Travelers Corp.*, 666 F.Supp. 1203 (N.D. Ill. 1987).

### 1.      The Convenience Of Parties (And Party Witnesses)

The transfer of this action to the Southern District of New York will enhance the convenience of the parties (and their witnesses).  The logical starting point for analyzing the convenience of the parties is a consideration of their residences in relation to the district chosen by the plaintiff.  *Brandon Apparel Corp. v. Quitman Mfg. Co., Inc.*, 42 F.Supp.2d 821 (N.D. Ill. 1979) (plaintiff's chosen forum entitled to substantial deference only when the forum is plaintiff's home forum); *Morales v. Navieras de Puerto* Rico, 713 F.Supp. 711, 713 (S.D.N.Y. 1989) ("Because plaintiff is a resident of Puerto Rico, he does not, nor can he, seriously argue that New York is a more convenient forum [for him] than Puerto Rico"); *Burstein v. Applied Extrusion Technologies, Inc.*, 829 F.Supp. 106, 110 (D.Del. 1992) (no presumption that district was convenient for plaintiff when plaintiff brings suit in district other than its residence).  As the foregoing cases illustrate, where, as here, the plaintiff does not reside in the forum in which it files suit, its chosen forum is not entitled to deference.

TIG is a California corporation.  It maintains its principal place of business in New Hampshire.  (Compl. at ¶ 2)  John Parker, the claims manager for the plaintiff, resides in New Hampshire.  Mr. Parker will be called by GLOBAL as an adverse party witness to explain the billings issued to GLOBAL under various facultative contracts.  Indeed, it will be a difficult task for TIG to convince this Court why Illinois is a more convenient forum for Mr. Parker than New York.

Furthermore, GLOBAL does *no* business in Illinois. It writes no risks in Illinois; it has no offices in Illinois; it has no employees in Illinois; it owns no property in Illinois; it has no bank accounts in Illinois; and it stores no documents in Illinois. See Ex. C. None of GLOBAL's party witnesses or corporate designees is located in Illinois; rather, they are all located in New York.

Furthermore, all of the physical evidence that GLOBAL possesses is in the form of documents. These documents are kept and maintained in New York and include, among other things, the underwriting files for each particular risk identified in TIG's complaint. See Ex. C. The location of the documents relevant to the dispute is a factor to be considered by the Court in the transfer convenience analysis. *In re Warrick*, 70 F.3d 736, 741 (2d Cir. 1995); *Falconwood Financial Corp. v. Griffin*, 838 F.Supp. 836, 841 (S.D.N.Y. 1993). GLOBAL has no documents in Illinois. See Ex. C. Likewise, upon information and belief, TIG has no relevant documents in Illinois.

In reality, the *only* convenience that this forum offers to the parties is that it is more convenient for the parties' counsel, as the attorneys of record all practice in Chicago law firms. However, the convenience of the parties' counsel should be given little to no weight in a § 1404(a) analysis. *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 988 (E.D.N.Y. 1991); *Burstein v. Applied Extrusion Technologies, Inc.*, 829 F.Supp. 106, 112 (D. Del. 1992); *Henderson v. AT&T Corp.*, 918 F.Supp. 1059, 1066 (S.D. Tex. 1996) ("the location of counsel is entitled to the least consideration of the factors relevant to a transfer motion").[2]

---

[2] To the extent the Court considers the location of counsel, GLOBAL submits that plaintiff's counsel, Lovells LLP, has an office in New York.

2.      **The Convenience of Non-Party Witnesses**

The convenience of the non-party witnesses is an important factor governing the decision to transfer a case.  *Aquatic Amusement Associates, Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990) ("While the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is a more important factor").  The underwriters who participated in drafting the reinsurance contracts in this case may be non-party witnesses.  These individuals, however, are no longer employed by GLOBAL and they do not reside in Illinois. See Ex. C.  Specifically, Thomas G. Devine, an underwriter for GLOBAL's predecessor during the 1970's and 1980's, assisted in drafting many of the reinsurance contracts involved in this case.  He does not reside in Illinois.  He currently resides in Morristown, New Jersey.   See Ex. C.

The amenability of nonparty witnesses, such as Mr. Devine, to subpoena at the respective forums is an important factor to be considered.  *FUL Inc. v. Unified School Dist. No.* 204, 839 F.Supp. 1307, 1312 (N.D. Ill. 1993).  Under Federal Rule 45, Mr. Devine could not be compelled to attend trial in Chicago because he resides more than 100 miles from the courthouse.  However, his residence in Morristown, New Jersey is within 100 miles from the Southern District of New York courthouse which, consequently, would allow him to testify live at trial there.  Although Mr. Devine's testimony could be introduced by using his deposition at trial in Chicago, the Supreme Court of the United States has recognized the importance and preference of live testimony at trial.  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947).

C.      **A Transfer Will Serve The Interest of Justice In This Case**

The final factor to be considered in a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is whether the transfer will serve the "interest of justice."  *TIG Ins. Co. v. Brightly Galvanized Prods., Inc.*, 911 F.Supp. 344, 346 (N.D. Ill. 1996).  This component embraces

traditional notions of judicial economy, rather than private interests of the litigants and their witnesses. *TIG Ins. Co.*, 911 F.Supp. at 346.

For example, in *Hanley v. Omarc, Inc.*, 6 F.Supp.2d 770, 777 (N.D. Ill. 1998), the Court stated that a transfer undoubtedly will serve the "interest of justice" where, as here, there is a dispute as to whether the defendant is subject to personal jurisdiction in the transferor district ("Transferring the case to New Jersey would eliminate any dispute as to whether the [Illinois] court has [personal] jurisdiction over [the defendant]. This in turn will save scarce federal judicial resources"). In the instant case, there are serious questions as to whether the Illinois courts could exercise personal jurisdiction over GLOBAL. GLOBAL has no contacts, let alone "minimum contacts," with Illinois. See Ex. C. Accordingly, if this case proceeds in Illinois, GLOBAL will vigorously dispute that it is subject to personal jurisdiction here. Therefore, as in *Hanley*, transferring this case to New York would eliminate the need to litigate this dispute and, in turn, save federal judicial resources.

## V.    **CONCLUSION**

New York is a more convenient forum than Illinois for the parties and the witnesses in this case. None of the parties resides in Illinois. Therefore, TIG's choice of the Illinois forum should be given very little deference by the Court. TIG is incorporated in California and has its principal place of business in New Hampshire. GLOBAL is incorporated in New York and has its principal place of business in New York. At least one party witness for TIG (John Parker) resides in New Hampshire, and at least one non-party witness (Thomas Devine) resides in Morristown, New Jersey. Mr. Devine falls within the subpoena power of the Southern District of New York. Furthermore, all of GLOBAL's documents relevant to this case are kept in New York. Lastly, transferring this case to New York is in the "interest of justice" because it would save federal judicial resources.

WHEREFORE, based on all of the foregoing reasons, the defendant, GLOBAL Reinsurance Corporation of America, f/k/a Gerling Global Reinsurance Corporation of America, prays that this Court grant its motion to transfer venue pursuant to 28 U.S.C. § 1404(a), transfer this case to the United States District Court for the Southern District of New York, and for any other relief that the Court deems fair and just.

DATED:  January 25, 2008

Respectfully submitted,

s/ Mark G. Sheridan
One of the Attorneys for Defendant
GLOBAL Reinsurance Corporation of America

Mark G. Sheridan (Illinois Bar No. 6207803)
James L. Wideikis (Illinois Bar No. 6278707)
BATES & CAREY LLP
191 North Wacker Drive
Suite 2400
Chicago, IL 60606
312-762-3100 (Phone)
312-762-3200 (Fax)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 25, 2008, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of

electronic filing to the following counsels of record:

Eric A. Haab
Robin C. Dusek
LOVELLS LLP
330 North Wabash, Suite 1900
Chicago, IL 60611
312-832-4400 (Phone)
312-832-4444 (Fax)

,

s/ Mark G. Sheridan
One of the Attorneys for Defendant
GLOBAL Reinsurance Corporation of America

243749v1

10