# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIG Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08 C 522 |
| v. | ) | |
| | ) | Judge Gottschall |
| Global Reinsurance Corporation of America, | ) | Magistrate Judge Cox |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS

Defendant, GLOBAL Reinsurance Corporation of America, f/k/a Gerling Global Reinsurance Corporation of America ("GLOBAL"), by and through its attorneys, Bates & Carey LLP, and pursuant to Federal Rule of Civil Procedure 12(b)(2), hereby requests an Order from the Court dismissing GLOBAL from this lawsuit. In support hereof, GLOBAL states as follows:

GLOBAL respectfully requests that the Court dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Court does not have personal jurisdiction over the defendant, GLOBAL. A complete copy of TIG Insurance Company's ("TIG") complaint is attached hereto as Ex. A.

GLOBAL is a New York corporation with its principal place of business in New York. See Ex. B, Affidavit of Peter Morone. It does no business in Illinois; it maintains no business offices in Illinois; it underwrites no risks in Illinois; it has no bank accounts in Illinois; it has no employees in Illinois; it owns no property in Illinois; and it stores no documents in Illinois. *Id.* These facts clearly demonstrate a complete lack of ties with the state of Illinois, which compels the conclusion that there is no jurisdiction over GLOBAL in this forum.[1]

---

[1] In the event the Court grants GLOBAL's pending motion to transfer venue to the United States District Court for the Southern District of New York, GLOBAL will withdraw this motion and file an answer.

For a court to exercise personal jurisdiction over a nonresident defendant such as GLOBAL, the defendant must have "minimum contacts" with the state such that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The due process clause protects a nonresident defendant's liberty interests in not being subject to a court's judgment if the defendant has no meaningful "contacts, ties or relations" to that state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985).

In connection with the foregoing, GLOBAL has *no* contacts, let alone *minimum contacts*, with the state of Illinois. See Ex. B. Nothing that GLOBAL has done justifies a court sitting in Illinois to assert personal jurisdiction over it. GLOBAL does not transact any business in Illinois, nor does it enjoy the benefits from sales or services here. GLOBAL has not had any substantial, continuous, meaningful or systematic contact with the state of Illinois that would justify suit against it in this forum. Because GLOBAL has taken no steps to subject itself to either the specific or general jurisdiction of a court sitting in Illinois, Federal Rule 12(b)(2) warrants dismissal of this case.

WHEREFORE, based on all of the foregoing reasons, the defendant, GLOBAL Reinsurance Corporation of America, f/k/a Gerling Global Reinsurance Corporation of America ("GLOBAL"), prays that this Court enter an Order dismissing GLOBAL from this case pursuant to Federal Rule of Civil Procedure 12(b)(2), and for any other relief that the Court deems fair and just.

DATED:  January 31, 2008

                                          Respectfully submitted,

                                          s/ Mark G. Sheridan
                                          One of the Attorneys for Defendant
                                          GLOBAL Reinsurance Corporation of America

Mark G. Sheridan (Illinois Bar No. 6207803)
James L. Wideikis (Illinois Bar No. 6278707)
BATES & CAREY LLP
191 North Wacker Drive
Suite 2400
Chicago, IL 60606
312-762-3100 (Phone)
312-762-3200 (Fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following counsels of record:

Eric A. Haab
LOVELLS LLP
330 North Wabash, Suite 1900
Chicago, IL 60611
312-832-4400 (Phone)
312-832-4444 (Fax)

s/ Mark G. Sheridan
One of the Attorneys for Defendant
GLOBAL Reinsurance Corporation of America

244925v1